1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMI GARIBALDI, individually, and on behalf of all others similarly situated individual, | Case No. 2:13-CV-00011-DSF-AGR<br><br>[Assigned to the Hon. Dale S. Fischer] |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COMPASS GROUP USA, INC. et al. | |
| Defendants. | |

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

1.     PURPOSE AND LIMITATIONS

       1.1     Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to information or items that are entitled under the applicable legal principles to treatment as confidential.

2.     DEFINITIONS

       2.1     Party: Includes Plaintiff NOEMI GARIBALDI and any other plaintiff that may be added to the litigation (collectively "Plaintiffs") and Defendants COMPASS GROUP USA, INC., EUREST SERVICES, INC., COMPASS ONE, LLC, & COMPASS GROUP USA INVESTMENTS, INC. (collectively "Defendants"), including all of their officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

       2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

       2.3     "Confidential" Information or Items:  any type or classification of information, whether originals, copies, or in redacted form, or whether in oral deposition testimony (transcript or videotape); interrogatory responses or responses to request for admission consisting of business or financial records; documents containing trade secrets or proprietary information; personnel records; information about current, past, or prospective employees that is of a confidential or private nature, including current or former employees' residence addresses and email

PROTECTIVE ORDER
Case No. 2:13-CV-00011-DSF-AGR

1   addresses, current or former employees' telephone numbers, and current or former
2   employees' wage information; records or information on financial information of
3   the parties;  and any other writing as defined by the Rules of Evidence, reflecting
4   confidential, commercial or personal information that counsel for any of the parties
5   has in good faith designated as confidential.

6       2.4   "Highly confidential" – Attorneys' Eyes Only" Information or Items:
7   extremely sensitive "Confidential Information or Items" whose disclosure to
8   another Party or non-party would create a substantial risk of serious injury that
9   could not be avoided by less restrictive means.

10       2.5   Receiving Party:  a Party that receives Disclosure or Discovery
11   material from a Producing Party.

12       2.6   Producing Party:  a Party or non-party that produces Disclosure or
13   Discovery Material in this action.

14       2.7   Designating Party:  a Party or non-party that produces Disclosure or
15   Discovery Material in this action.

16       2.8   Protected Material:   any Disclosure or Discovery Material that is
17   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

18       2.9   Outside Counsel:  attorneys who are not employees of a Party but who
19   are retained to represent or advise a Party in this action.

20       2.10   House Counsel: attorneys who are employees of a Party.

21       2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as
22   well as their support staffs).

23       2.12   Expert: a person with specialized knowledge or experience in a matter
24   pertinent to the litigation who has been retained by a Party or its counsel to serve as
25   an expert witness or as a consultant in this action and who is not a past or a current
26   employee of a Party or of a competitor of a Party's and who, at the time of
27   retention, is not anticipated to become an employee of a Party or a competitor of a
28   Party's.  This definition includes a professional jury or trial consultant retained in

1   connection with this litigation.

2       2.13 Professional Vendors:  Non-Experts that provide litigation support
3   services (e.g., photocopying, videotaping, translating, preparing exhibits or
4   demonstrations; organizing, storing, retrieving data in any form or medium, etc.)
5   and their employees and subcontractors.

6   **3.   SCOPE**

7       The protections conferred by this Stipulation and Order cover not only
8   Protected Material (as defined above), but also any information copied or extracted
9   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
10  testimony, conversations, or presentations by Parties or counsel to or in Court or in
11  other settings that might reveal Protected Material.

12  **4.   DURATION**

13      Even after the termination of this litigation, the confidentiality
14  obligations imposed by this order shall remain in effect until a Designating Party
15  agrees otherwise in writing or a Court Order otherwise directs.

16  **5.   DESIGNATING PROTECTED MATERIAL**

17      5.1   Exercise of Restraint and Care in Designating Material for Protection.
18  Each Party or non-party that designates information or items for protection under
19  the Order must take care to limit any such designation to material that qualifies
20  under the appropriate standards.  If it comes to a Party's or a non-party's attention
21  that information or items that it designated for protection do not qualify for
22  protection at all, or do not qualify for the level of protection initially asserted, that
23  Party or non-party must promptly notify all other parties that it is withdrawing the
24  mistaken designation.

25      5.2   Manner and Timing of Designations. Except as otherwise provided in
26  this Order (see, e.g., section 5.2(a), below), or as otherwise stipulated or ordered,
27  material that qualifies for protection under this Order must be clearly so designated
28  before the material is disclosed or produced.  Designation in conformity with this

Order requires:

    (a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

    A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied or produced, the Producing Party must determine which documents, or portions thereof, qualify for production under this Order, then, before producing the specified documents, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

    (b)    For testimony given in deposition ~~or in other pretrial or trial proceedings~~, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony

PROTECTIVE ORDER
Case No. 2:13-CV-00011-DSF-AGR

1   that is entitled to protection, and when it appears that substantial portions of the
2   testimony may qualify for protection, the Party or non-party that sponsors, offers,
3   or gives the testimony may invoke on the record (before the deposition or
4   proceeding is concluded) a right to have up to thirty (30) days to identify the
5   specific portions of the testimony as to which protection is sought to specify the
6   level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
7   CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the
8   testimony that are appropriately designated for protection within the 30 days shall
9   be covered by the provisions of this Stipulated Protective Order.

10          Transcript pages containing Protected Material must be separately
11   bound by the court reporter, who must affix to the top of each such page the legend
12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13   ONLY," as instructed by the Party or non-party offering or sponsoring the witness
14   or presenting the testimony.

15          (c)     For information produced in some form other than documentary, and
16   for any other tangible items, that the Producing Party affix in a prominent place on
17   the exterior of the container or containers in which the information or item is stored
18   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
19   EYES ONLY." If only portions of the information or item warrant protection, the
20   Producing Party, to the extent practicable, shall identify the protected portions,
21   specifying whether they qualify as "Confidential" or as "Highly Confidential –
22   Attorneys' Eyes Only."

23          5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent
24   failure to designate qualified information or items as "Confidential" or "Highly
25   Confidential – Attorneys' Eyes Only" does not, standing alone, waive the
26   Designating Party's right to secure protection under this Order for such material. If
27   material is appropriately designated as "Confidential" or "Highly Confidential –
28   Attorneys' Eyes Only" after the material was initially produced, the Receiving

PROTECTIVE ORDER
Case No. 2:13-CV-00011-DSF-AGR

party, on timely notification of the designation, must make reasonable efforts to
assure that the material is treated in accordance with the provisions of this Order.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Any Party may challenge the designation of any document or
information as Confidential by providing notice in writing to the other party of the
challenge to the designation.  The parties will meet and confer in good faith to
reach an informal resolution of any dispute no later than twenty (20) days following
the challenged designation.  If the meet and confer efforts are unsuccessful, any
Party may present the dispute to the Court for resolution using whatever procedural
mechanisms are available and appropriate.  The Party seeking relief from the Court
shall submit a declaration setting forth their good faith efforts to resolve the dispute
with the opposing Party or Parties.  The Party or person asserting confidentiality
shall bear the burden of demonstrating the need for such designation.

6.2    Judicial Intervention.  A Party that elects to press a challenge to a
confidentiality designation after considering the justification offered by the
Designating Party may file and serve a motion *under local Rule 37* that identifies the challenged
material and sets forth in detail the basis for the challenge.  Each such motion must
be accompanied by a competent declaration that affirms that the movant has
complied with the meet and confer requirements imposed in the preceding
paragraph and that sets forth with specificity the justification for the confidentiality
designation that was given by the Designating Party in the meet and confer
dialogue.

The burden of persuasion in any such challenge proceeding shall be on the
Designating Party.  Until the Court rules on the challenge, all parties shall continue
to afford the material in question the level of protection to which it is entitled under
the Producing Party's designation.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Use of said information may not be used in any other legal matters or for any other purpose than described in this paragraph.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A;

(b)   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(d)   Professional Vendors (as defined in this Order) of the Receiving Party

PROTECTIVE ORDER
Case No. 2:13-CV-00011-DSF-AGR

1   to whom disclosure is reasonably necessary for this litigation and who have signed

2   the "Agreement To Be Bound By Protective Order" (Exhibit A);

3       (e)   The Court and its personnel;

4       (f)   Court reporters, their staffs, and professional vendors to whom

5   disclosure is reasonably necessary for this litigation and who have signed the

6   "Agreement To Be Bound By Protective Order (Exhibit A);

7       (g)   During their depositions, witnesses in the action to whom disclosure is

8   reasonably necessary and who have signed the "Agreement To Be Bound By

9   Protective Order" (Exhibit A).   Pages of transcribed deposition testimony or

10  exhibits to depositions that reveal Protected Material must be separately bound by

11  the court reporter and may not be disclosed to anyone except as permitted under

12  this Stipulated Protective Order.

13      (h)   The author of the document or the original source of the information.

14      7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15  ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted

16  in writing by the Designating Party, a Receiving Party may disclose any

17  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY" only to:

19      (a)   The Receiving Party's Outside Counsel of record in this action, as well

20  as employees of said Counsel to whom it is reasonably necessary to disclose the

21  information for this litigation and who have signed the "Agreement To Be Bound

22  By Protective Order" that is attached hereto as Exhibit A;

23      (b)   Experts (as defined in this Order) (1) to whom disclosure is reasonably

24  necessary for this litigation, (2) who have signed the "Agreement To Be Bound By

25  Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in

26  paragraph 7.4, below, have been followed;

27      (c)   Professional Vendors (as defined in this Order) (1) to whom disclosure

28  is reasonably necessary for this litigation, (2) who have signed the "Agreement To

PROTECTIVE ORDER
Case No. 2:13-CV-00011-DSF-AGR

1   Be Bound By Protective Order" (Exhibit A), and (3) as to whom the procedures set
2   forth in paragraph 7.4, below, have been followed;

3          (d)     The Court and its personnel;

4          (e)     Court reporters, their staffs, and professional vendors to whom
5   disclosure is reasonably necessary for this litigation and who have signed the
6   "Agreement To Be Bound By Protective Order" (Exhibit A); and

7          (f)     The author of the document or the original source of the information.

8          7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL
9   – ATTORNEYS' EYES ONLY" Information or Items to an "Expert" or a
10  "Professional Vendor":

11         (a)     Unless otherwise ordered by the Court or granted in writing by the
12  Designating Party, a Party that seeks to disclose to an "Expert" or a "Professional
13  Vendor" (as defined in this Order) any information or item that has been designated
14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a
15  written request to the Designating Party that (1) identifies the specific HIGHLY
16  CONFIDENTIAL information that the Receiving Party seeks permission to
17  disclose to the Expert or Professional Vendor, (2) sets forth the full name of the
18  Expert or Professional Vendor, and the city and state of his, her, or its primary
19  residence, (3) in the case of an Expert attaches a copy of the Expert's current
20  resume, (4) in the case of an Expert identifies the Expert's current employer(s) and
21  previous employer(s) in the last 10 years in the Expert's area of expertise, and (5)
22  identifies (by name and number of the case, filing date, location of Court and party
23  affiliation) any litigation in connection with which the Expert has provided any
24  professional services during the preceding five years.

25         (b)     A Party that makes a request and provides the information specified in
26  the preceding paragraph may disclose the subject Protected Material to the
27  identified Expert and/or Professional Vendor unless, within seven court days of
28  delivering the request, the Party receives a written objection from the Designating

10

1  Party. Any such objection must set forth in detail the grounds on which it is based.

2      (c)    A Party that receives a timely written objection must meet and confer

3  with the Designating Party (through direct voice to voice dialogue) to try to resolve

4  the matter by agreement. If no agreement is reached, the Party seeking to make the

5  disclosure to the Expert and/or Professional Vendor may file a motion seeking *under local Rule 37*

6  permission from the Court to do so.   Any such motion must describe the

7  circumstances with specificity, set forth in detail the reasons for which the

8  disclosure to the Expert and/or Professional Vendor is reasonably necessary, assess

9  the risk of harm that the disclosure would entail and suggest any additional means

10  that might be used to reduce that risk.   In addition, any such motion must be

11  accompanied by a competent declaration in which the movant describes the parties'

12  efforts to resolve the matter by agreement (i.e., the extent and the content of the

13  meet and confer discussions) and sets forth the reasons advanced by the

14  Designating Party for its refusal to approve the disclosure. In any such proceeding

15  the Party opposing disclosure to the Expert and/or Professional Vendor shall bear

16  the burden of proving that the risk of harm that the disclosure would entail (under

17  the safeguards proposed) outweighs the Receiving Party's need to disclose the

18  Protected Material to its Expert and/or Professional Vendor.

19      7.5   Use Of Putative Class Member Contact Information:

20      (a)    Plaintiffs' counsel will not provide the names, last known address and

21  telephone numbers of putative class members (or ever certified "class members") to

22  any person or entity.    Use of this information will only be used by Plaintiffs'

23  counsel to pursue the pending litigation and will not be used for any other purpose,

24  including but not limited to, recruiting individuals to pursue other claims against

25  Defendants.

26      (b)    If Plaintiffs' counsel, or a designee from their office, call the last

27  known telephone number of a putative class member and the individual answering

28  the phone states that s/he does not want to talk to the caller, than no further calls

1  will be made by Plaintiff's counsel or their designees to that number.

2       (c)    If Plaintiffs' counsel, or a designee from their office, calls the last

3  known telephone number of a putative class member and leaves a message then at

4  least one week must pass before a second call is made to that number.  If two

5  messages are left and no response is received then no further calls will be made to

6  that number.

7       (e)    All communication between Plaintiffs' counsel and putative class

8  members must comply with the California Rules of Professional Responsibility.

9  **8.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED**

10      **PRODUCED IN OTHER LITIGATION**

11      If a Receiving Party is served with a subpoena or an order issued in other

12 litigation that would compel disclosure of any information or items designated in

13 this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14 ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

15 Party, in writing (by fax, if possible) immediately and in no event more than three

16 (3) court days after receiving the subpoena or order.  Such notification must include

17 a copy of the subpoena or Court Order.

18      The Receiving Party also must immediately inform in writing the Party who

19 caused the subpoena or order to issue in the other litigation that some or all the

20 material covered by the subpoena or order is the subject of this Protective Order.  In

21 addition, the Receiving Party must deliver a copy of this Stipulated Protective

22 Order promptly to the Party in the other action that caused the subpoena or order to

23 issue.

24      The purpose of imposing these duties is to alert the interested parties to the

25 existence of this Protective Order and to afford the Designating Party in this case an

26 opportunity to try to protect its confidentiality interest in the Court from which the

27 subpoena or order issued.  The Designating Party shall bear the burdens and the

28 expenses of seeking protection in that Court of its confidential material – and

1   nothing in these provisions should be construed as authorizing or encouraging a
2   Receiving Party in this action to disobey a lawful directive from another Court.

3   **9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
5   Protected Material to any person or in any circumstance not authorized under this
6   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
7   writing the Designating Party of the unauthorized disclosures, (b) use its best
8   efforts to retrieve all copies of the Protected Material, (c) inform the person or
9   persons to whom unauthorized disclosures were made of all the terms of this Order,
10  and (d) request such person or persons to immediately execute the "Agreement To
11  Be Bound By Protective Order" that is attached hereto as Exhibit A.

12  **10.   FILING PROTECTED MATERIAL**

13       Without written permission from the Designating Party or a Court Order
14  secured after appropriate notice to all interested persons, a Party may not file in the
15  public record in this action any Protected Material.  A Party that seeks to file under
16  seal any Protected Material must comply with Local and Chamber Rules.

17  **11.   FINAL DISPOSITION**

18       Unless otherwise ordered or agreed in writing by the Producing Party, within
19  sixty (60) days after the final termination of this action, each Receiving Party must
20  return all Protected Material to the Producing Party.  As used in this subdivision,
21  "all Protected Material" includes all copies, abstracts, compilations, summaries or
22  any other form of reproducing or capturing any of the Protected Material.  With
23  permission in writing from the Designating Party, the Receiving Party may destroy
24  some or all of the Protected Material instead of returning it.  Whether the Protected
25  Material is returned or destroyed, the Receiving Party must submit a written
26  certification to the Producing Party (and, if not the same person or entity, to the
27  Designating party) by the sixty day deadline that identifies (by category, where
28  appropriate) all the Protected Material that was returned or destroyed and that

13

1    affirms that the Receiving Party has not retained any copies, abstracts,
2    compilations, summaries or other forms of reproducing or capturing any of the
3    Protected Material.  Notwithstanding this provision, Counsel are entitled to retain
4    an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
5    correspondence or attorney work product, even if such materials contain Protected
6    Material.  Any such archival copies that contain or constitute Protected Material
7    remain subject to this Protective Order as set forth in Section 4 (DURATION),
8    above.
9    ///
10   ///
11   ///
12   ///
13   ///
14   ///
15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

14

## 12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Right to Assert Other Objections.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order

**SO STIPULATED**

DATED: December 20, 2013

                              LAW OFFICES OF MATTHEW J. MATERN

                              By:
                                    MATTHEW J. MATERN
                                    MOLLY KORT
                                    Attorneys for Plaintiff NOEMI GARIBALDI
                                    and all others similarly situated


                              LITTLER MENDELSON, P.C.

DATED: December 20, 2013

                              By:
                                    NANCY E. PRITIKIN
                                    ADAM R. ROSENTHAL
                                    ANTHONY G. LY
                                    Attorneys for Defendants COMPASS
                                    GROUP USA, INC.; COMPASS ONE, LLC;
                                    & COMPASS GROUP USA
                                    INVESTMENTS, INC.

IT IS SO ORDERED.
DATED: 1/8/2014

*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

                                    PROTECTIVE ORDER
                                    Case No. 2:13-CV-00011-DSF-AGR

**ATTACHMENT A**

**PROTECTIVE ORDER ACKNOWLEDGMENT AND NON-DISCLOSURE**

**AGREEMENT**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the Protective Order ("Protective Order") in *Noemi Garibaldi, et al. v. Compass Group USA, Inc., et al.*, United States District Court Central District of California, Case No. 2:13-cv-00011-DSF-(AGRx) ("Civil Action"). I certify that I am an appropriate person for receipt of Confidential Information person under the Protective Order. I understand and agree to be bound by the terms of the Protective Order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the Protective Order. I understand and agree that my use of any Confidential Information shall only be for purposes relating to the above-titled litigation including the prosecution, defense, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the Protective Order.

I also agree that upon being informed of the termination or settlement of this action, I will surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the Protective Order. By signing this Non-Disclosure Agreement, I stipulate to the jurisdiction of the District Court of the Central District of California, to enforce the terms of this Agreement.

Dated: _____

_____
[Signature]

_____
[Print Name]

Firmwide:122827143,1 024778.1408

16

PROTECTIVE ORDER
Case No. 2:13-CV-00011-DSF-AGR